# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――

№ 16-CV-846 (JFB)

―――――――――――

## BRANDAN ASHBY,

Petitioner,

VERSUS

## MICHAEL SPOSATO,

Respondent.

―――――――――――

**MEMORANDUM AND ORDER**
January 26, 2017

―――――――――――

JOSEPH F. BIANCO, District Judge:

On February 9, 2016, petitioner Brandan Ashby ("petitioner" or "Ashby") petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2254, challenging his arrest and indictment for criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and resisting arrest. (Pet. for Habeas Corpus ("Pet."), ECF No. 1.) Petitioner pleaded guilty to criminal possession of a weapon in the third degree on March 23, 2016 (Affidavit in Support of Respondent's Motion to Dismiss Petition for a Writ of Hapeas Corpus, ECF No. 8 at i–iii ("Resp.'s Aff."), ¶ 6.), and the court sentenced him to an indeterminate term of three to six years imprisonment.[1]

―――――――――――

[1] It is unclear precisely when petitioner received his sentence. (*See* Resp.'s Aff. ¶ 6 (stating petitioner was scheduled to be sentenced on May 31, 2016); Letter Undated from Plaintiff to Judge Bianco RE: Case Status, ECF No. 9 ("Pet.'s Undated Letter"), at 3 (stating that sentencing was rescheduled to June 30, 2016); Letter Dated 1/2/17 from Pro Se to Judge Bianco RE: Status of My Case, ECF No. 10 ("Pet.'s January 2 Letter") (informing this Court that petitioner is "now in the custody of New York State DOCCS"). The timing of his sentencing, however, is immaterial to this Court's analysis. Instead, only the fact that he was sentenced proves relevant, and it appears from the public record that petitioner has, in fact, been sentenced. *See* New York State Dept. of Corrections and Community Supervision, *Inmate Population Information Search*, Inmate Information for DIN # 16-A-4699, http://nysdoccslookup.doccs.ny.gov/ (last accessed January 26, 2017); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (courts may "take judicial notice of relevant matters of public record"); *Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 (S.D.N.Y. 2012) ("The Court takes judicial notice of the . . . state court documents . . . that relate to the plaintiffs' custody. Judicial notice of public records is appropriate—and does not convert a motion to dismiss into a motion for summary judgment—because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned.").

In this habeas petition, Ashby challenges his arrest as unlawful under the Fourth Amendment. (Pet. at 3–4.) Furthermore, in a letter filed with the Court after his petition, Ashby contests the voluntariness of his guilty plea and the effectiveness of his attorney. (Pet.'s Undated Letter at 2–4.) Respondent Michael Sposato, Sheriff of Nassau County, has moved to dismiss the petition, arguing that petitioner failed to exhaust his State Court remedies.[2] For the reasons that follow, this Court grants respondent's motion to dismiss due to petitioner's failure to exhaust his claims in state court. This dismissal is without prejudice to petitioner refiling his petition upon exhaustion of his claims in state court.

## I. BACKGROUND

The Court has adduced the following facts from the petition, respondent's supporting affidavit, and petitioner's various letters to this Court.

On April 30, 2014, petitioner's wife called 911 after having an argument with petitioner over the phone. (Pet. at 3.) Upon their arrival, officers with the Glen Cove, New York Police Department entered petitioner's home, conducted a search, and recovered a firearm, which petitioner claims belonged to a family member who had stayed with them on an earlier date. (*Id.* at 4.) They arrested petitioner without a warrant. (*See id.*; Resp.'s Aff. ¶ 6.) The Nassau County District Attorney's Office subsequently charged him with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and resisting arrest. (Resp.'s Aff. ¶ 5.)

On February 2, 2016, petitioner filed a petition for a writ of habeas corpus with this Court, challenging his arrest, the search of his home, and his indictment. (ECF No. 1.) After filing the petition, petitioner pleaded guilty to criminal possession of a weapon in the third degree on March 23, 2016. (Resp.'s Aff. ¶ 6; Pet.'s Undated Letter at 2–3.) Respondent filed a motion to dismiss the petition on May 25, 2016. (ECF No. 8.) The state court later sentenced him to an indeterminate term of three to six years imprisonment, though the timing of the sentencing hearing is unclear. *See supra* note 1. On June 17, 2016, the Court received an undated letter from petitioner challenging the voluntariness of his guilty plea and the effectiveness of his attorney (Pet.'s Undated Letter at 2–4), and, on January 2, 2017, petitioner sent the Court a letter giving notice that he was "in the custody of New York State DOCCS and [has] been since 11/25/16" (Pet.'s January 2 Letter). The Court has fully considered the parties' submissions.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal habeas petition must be dismissed if the petitioner has failed to exhaust all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), a petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Grey v. Hoke*, 933 F.2d 117, 119

---

[2] Respondent's second argument—that petitioner is not in custody pursuant to a state judgment of conviction because he has not been sentenced (Mem. of Law in Support of Resp.'s Mot. to Dismiss Pet. for a Writ of Habeas Corpus, ECF No. 8 at 1–8, at 3–4)—is now moot, given that petitioner was sentenced after respondent filed its motion to dismiss. *See supra* note 1.

(2d Cir. 1991). Exhaustion of state remedies requires that a petitioner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)) (alteration in original). Furthermore, "[t]he burden of proving exhaustion lies with the habeas petitioner." *Cartagena v. Corcoran*, No. 04-CV-4329, 2009 WL 1406914, at *3 (E.D.N.Y. May 19, 2009).

Passage through the state courts, in and of itself, "is not sufficient." *Picard*, 404 U.S. at 275. To provide the State with the necessary "opportunity," the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365–66. A petitioner satisfies this requirement "only if he has informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Jones v. Keane*, 329 F.3d 290, 294–95 (2d Cir. 2003) (citation omitted). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982) (en banc). To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 191–92 (footnote omitted).

Finally, where a petitioner has not exhausted any of the claims raised in his petition and may still seek relief under state law, the proper procedure is to dismiss the petition without prejudice to it being refiled after the petitioner has exhausted his state court remedies. *See, e.g.*, *Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) (holding that, where a habeas petition sets forth only unexhausted claims, the district court has no basis to retain jurisdiction while the petitioner pursues exhaustion in the state courts); *Ramos v. Superintendent of Clinton Corr. Facility*, No. 01-CV-8743 (LAP) (FM), 2002 WL 1226860, at *3 (S.D.N.Y. Apr. 12, 2002) ("As the Second Circuit recently has indicated, if [the] petition contained any exhausted claims, the appropriate course of action would be to dismiss the unexhausted claims, stay the remainder of the petition, and direct [petitioner] to notify the Court within a short period after he has completed the exhaustion of his state court remedies. Here, however, [the] petition contains no exhausted claims. Accordingly, this Court has no basis to retain jurisdiction while [petitioner] pursues exhaustion.") (citation omitted); *Channer v. Brooks*, No. 399-CV-2564 (CFD), 2001 WL 1094964, at *4 n.3 (D. Conn. Sept. 10, 2001) (dismissing habeas petition for failure to exhaust any claim in the petition).

Petitioner has plainly failed to exhaust state court remedies on his Fourth Amendment claim of unlawful search and seizure, Fourteenth Amendment claim of an involuntary guilty plea, and Fourteenth Amendment claim of ineffective assistance of counsel. Nothing in the record indicates that he raised his Fourth Amendment claim before the trial court prior to entering his guilty plea, or that he has directly appealed his conviction at this time (and that the requisite appeal has been decided). Thus, he has failed to establish that he exhausted his claims in state court. *See Pena v. Ellis*, No. 07CV2736, 2007 WL 4565032, at *2 (E.D.N.Y. Dec. 21, 2007)

(holding that habeas petitioner failed to exhaust where "[h]e did not file a direct appeal"); *Fabre v. Taylor*, No. 08 CIV.5883 (DLC), 2009 WL 1457169, at *3 (S.D.N.Y. May 26, 2009) (same); *Jordan v. Bennett*, 968 F. Supp. 118, 121 (W.D.N.Y. 1997) (same).

### III. Conclusion

For the reasons stated above, respondent's motion to dismiss the petition is granted and the petition is dismissed without prejudice to petitioner refiling the petition once he has exhausted his state court remedies. *See Carpenter*, 212 F. Supp. 2d at 98; *Ramos* 2002 WL 1226860, at *3; *Channer*, 2001 WL 1094964, at *4 n.3. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:     January 26, 2017
            Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by Jason Richards, Assistant District Attorney, on behalf of Madeline Singas, District Attorney, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.